## Indiana, D. & W. Ry. Co. v. John Koons, Adm'r, etc.

1. EVIDENCE—*Habits of Deceased Persons.*—In actions to recover damages for the killing of a person at a railroad crossing, testimony that the person killed was a careful and prudent man for his own safety, is admissible only in cases where there was no eye witness to the accident which resulted in death, and is then admitted only as a matter of necessity in the absence of better proof.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 2, 1897.

JAMES A. EADS and SYDNEY E. EADS, attorneys for appellant.

A person approaching a railroad crossing is bound to know that it is a place of danger, and he must use his senses of sight and sound to discover an approaching train, unless he is so situated that he can not see or hear the approaching train. If he goes upon a railroad track when a train is approaching, that he might have seen in time to stop if he had looked or listened, and fails to look or listen, and is thereby injured, he can not recover damages for such injury; or if he shall permit himself to become absorbed in thought about other matters, and in consequence become oblivious to his present surroundings, he will do so at his peril. Chicago, R. I. & P. R. R. Co. v. Fitzsimmons, 40 Ill. App. 360; Wabash, St. L. & P. R. R. Co. v. Neikirk, 15 Ill. App. 172; Wabash R. R. Co. v. Speer, 39 Ill. App. 599; Lake Shore & M. S. R. R. Co. v. Hart, 87 Ill. 529; Terre Haute & I. R. R. Co. v. Voelker, 129 Ill. 540; Chicago, M. & St. P. R. R. Co. v. Halsey, 133 Ill. 248; Partlow v. Illinois C. R. R. Co., 150 Ill. 326; Chicago, St. P. & K. C. Ry. Co. v. Anderson, 47 Ill. App. 91.

When no one was present to see how the accident happened, then and then only is evidence admissible to show the habits of the person as to carefulness and prudence for his own safety. Chicago, R. I. & P. Ry. Co. v. Clark, 108 Ill. 113; Chicago, St. Paul & K. C. Ry. Co. v. Anderson, 47 Ill. App. 91; Chicago, B. & Q. R. R. Co. v. Gunderson, 65 Ill. App. 638.

DUNDAS & O'HAIR and HENRY S. TANNER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover damages for the killing of Elias Koons at a highway crossing on appellant's railroad near Metcalf Station, in Edgar county, by a passing train. A trial by jury resulted in a judgment in favor of appellee for $3,500.

The evidence shows that deceased was killed while attempting to cross appellant's railroad with a wagon and team in front of a rapidly moving train soon after seven o'clock on the evening of July 30, 1896. He was seen by no one at the time of the collision except the fireman and engineer. When the fireman first saw him he was ten or twenty feet from the track, driving in a slow trot toward it. He gave the alarm to the engineer, who testified that he at once applied the emergency brake and did all he could to stop the train. The engineer was on the side of the engine opposite to that from which the deceased was approaching the track and did not see him until the horses were in front of the engine.

The evidence does not disclose such a right to recover as would warrant us in affirming a judgment where, upon the trial, errors in ruling upon the admissibility of testimony was committed.

Over the objection of the appellant the court admitted testimony that the deceased was a careful and prudent man for his own safety. Such testimony is only proper in a case where there was no eye witness to the accident which resulted in death. It is then admitted only as a matter of necessity in the absence of better proof. In a case like this it devolves upon the jury to decide whether the deceased was at the time in the exercise of proper care. If there are witnesses who saw the infliction of the injury the jury can determine, from their testimony as to the manner in which the injury was received, whether the deceased was in the exercise of proper care, and evidence of the deceased being generally careful and cautious is inadmissible. Chicago, Rock Island & Pacific Railway Company v. Clark, 108 Ill. 113.

In this case there were two eye witnesses who saw the manner in which Koons met his death. The court should have refused to admit the testimony that he was a careful and prudent man, or have excluded it upon appellant's motion, as soon as it was made to appear that there were eye witnesses. The court not only allowed the testimony

to remain with the jury against the protest of appellant, but refused to guard its effect by a proper instruction offered by its counsel. In view of the fact that the case is not a clear one, we think this error sufficient to reverse the judgment. Reversed and remanded.